**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY BERNARD BARNO, | No. 12-56725 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-02439-WQH-BGS |
| v. | |
| GEORGE A. NEOTTI, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted April 7, 2014
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Petitioner Rodney Barno appeals the district court's denial of his habeas

petition. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

First, it is not clearly established that the Sixth Amendment prohibits a

sentencing court from using a defendant's prior juvenile adjudication to enhance

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

his sentence beyond the statutory maximum. *See Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir. 2004); *see also John-Charles v. California*, 646 F.3d 1243, 1252-53 (9th Cir. 2011). Therefore, the California Court of Appeal's determination that Barno's Sixth Amendment rights were not violated by the trial court's enhancement of his sentence beyond the statutory maximum based on his juvenile adjudications was not contrary to clearly established federal law.

Second, it is also not clearly established that the admission of propensity evidence violates the Due Process Clause of the Fourteenth Amendment. *Alberni v. McDaniel*, 458 F.3d 860, 866 (9th Cir. 2006). The California Court of Appeal held that Barno's right to a fundamentally fair trial was not violated by the trial court's failure to limit the jury's consideration of uncharged domestic violence evidence to the domestic violence counts. This decision was not an unreasonable application of clearly established federal law.

Third, assuming the existence of a freestanding actual innocence claim, the California Court of Appeal's denial of Barno's actual innocence claim was not unreasonable because Barno failed to meet the "extraordinarily high" threshold showing for such a claim. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993). We view his family members' affidavits with suspicion. *See id.* They also do not affirmatively prove his innocence. *See Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (en banc).

Finally, we conclude that the California Court of Appeal's determination that Barno was not prejudiced by any alleged errors on his trial counsel's part was not unreasonable under *Strickland v. Washington*, 466 U.S. 668 (1984), in light of the significant evidence of Barno's guilt at trial.

**AFFIRMED.**